UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FLORA ROSALIND GUY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-CV-2117 DDN |
| ) | |
| AARP FOUNDATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the filing of plaintiff's response to the Order to Show Cause.[1] After review of the response brief and the accompanying exhibits, plaintiff's action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

**Background**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* Plaintiff asserts that defendant AARP Foundation failed to rehire her in 2017 as a Community Service Employment Program Volunteer after she left the program in 2014 due to an illness. In her complaint, plaintiff alleges that AARP retaliated against her, as well as discriminated against her on the basis of her age, gender, disability, religion, national origin, color, race and failed to accommodate her disability.[3]

---

[1] On October 9, 2019, the Court ordered plaintiff to show cause why this action should not be summarily dismissed due to plaintiff's failure to exhaust his administrative remedies.

[2] Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e). A case can be dismissed under 28 U.S.C. § 1915(e) if the statute of limitations has run. *E.g.*, *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

[3] Plaintiff was warned in the Order to Show Cause that several of these allegations were not "like or reasonably

Plaintiff attached to her complaint her charge of discrimination filed with the Equal Employment Opportunity Commission ("EEOC") on October 15, 2018, a copy of her right-to-sue letter from the EEOC dated April 17, 2019 and a determination report from the St. Louis Civil Rights Enforcement Agency ("CREA") issued on March 31, 2019. Plaintiff filed this lawsuit on July 19, 2019.

## Discussion

"[T]o initiate a claim under Title VII a party must timely file a charge of discrimination with the EEOC and receive a right-to-sue letter." *Stuart v. General Motors Corp.,* 217 F.3d 621, 630 (8th Cir. 2000). Plaintiff was required to file her charge of discrimination with the EEOC (or with the Missouri Commission on Human Rights ("MCHR")) within 300 days of the allegedly discriminatory occurrence.

Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparative state agency, before bringing a formal action. *Tyler v. Univ. of Ark. Bd. of Trs.,* 628 F.3d 980, 989 (8th Cir.2011); *Harris v. P.A.M. Transp., Inc.,* 339 F.3d 635, 638 (8th Cir.2003) (failure to exhaust administrative remedies requires dismissal of ADA action, precluding plaintiff from obtaining review of his ADA claim); *Malone v. Ameren UE,* No. 4:09CV00053, 2010 U.S. Dist. LEXIS 18611, at *6, 2010 WL 750075 (E.D.Mo. Mar. 2, 2010) (dismissing plaintiff for failure to exhaust his administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme

---

related" to the claims in her charge of discrimination. A plaintiff's claims in court must be like or reasonably related to the claims outlined in her administrative charge or they will be subject to dismissal for failure to exhaust administrative remedies. *See, e.g., Duncan v. Delta Consolidated Indus., Inc.,* 371 F.3d 1020, 1024 (8th Cir. 2004). In her charge of discrimination, plaintiff did not claim discrimination based on gender, race or color, nor did she allege a failure to accommodate a disability although she did check the box for disability discrimination. Plaintiff also did not claim in her charge national origin discrimination. Should plaintiff's complaint be found to be timely, many of her claims would still be subject to dismissal for failure to exhaust her administrative remedies with respect to her claims.

because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir.1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989)). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e-5(b), (c), (e).

The complaint and the accompanying charge of discrimination alleges that the discrimination first occurred sometime in 2017, when plaintiff first attempted to return to the Senior Community Service Employment Program. [4] Plaintiff states in her charge and her complaint that she later attempted to return to the program in August of 2018 as well.

Plaintiff filed her charge of discrimination with the EEOC on October 15, 2018, outside the 300-day time period for filing a charge of discrimination. Therefore, plaintiff's Title VII, ADEA and ADA claims appear to be time-barred by 42 U.S.C. § 2000e-5(e)(1) and subject to dismissal for failure to timely exhaust her administrative remedies. Additionally, plaintiff's claims appear to have been brought to this court outside her 90-day time period for filing within the time period of receipt of her EEOC right to sue.

A plaintiff in a Title VII, ADA and ADEA action has ninety days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f); 42 U.S.C. § 12117(a). Failure to file a timely civil action warrants dismissal of the complaint. *E.g.*, *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984). Plaintiff's ninety-day period from the date of her

---

[4]The Court notes that CREA investigated whether plaintiff was an "employee" under the statute given that plaintiff was a volunteer in the Senior Community Service Employment Program and appeared to find that she did not fall within the definitions provided in Title VII, the ADEA and the ADA.

receipt of her EEOC right-to-sue letter elapsed on approximately Tuesday, July 16, 2019. Plaintiff filed her suit approximately three days after the ninety-day period ended, although plaintiff could be allowed the three days for mailing under Eighth Circuit precedent.

However, plaintiff's biggest issue in this matter is that AARP was not her employer. Under Title VII, the ADA and the ADEA, the term "employee" means an individual employed by an employer. An "employer" under Title VII is an entity engaged in industry affected commerce who has fifteen or more employees…. but does not include the United States, a corporation wholly owned by the Government of the United States. CREA found that AARP was classified as a job training program for seniors funded by the Department of Labor and that plaintiff had signed an acknowledgement that she was not an employee of AARP foundation.

It is undisputed that the AARP Foundation is one of several organizations that administer the Senior Community Service Employment Program ("SCSEP"), a federally funded job training program for seniors that is funded by the Department of Labor. Plaintiff acknowledges that she was a participant in the SCSEP as a volunteer, not an actual employee of AARP.

In its report to the DOL, the Senate Committee on Appropriations stated unequivocally that SCSEP participants such as plaintiff are not employees of administrators such as AARP Foundation: "[P]articipants in [SCSEP] are enrollees in a work experience and training program. They are not employees of the U.S. Department of Labor or State and national sponsors administering the SCSEP." Senate Committee on Appropriations Report to the Departments of Labor, Health and Human Services, and Education and Related Agencies Appropriation Bill, S. Rep. No, 103·143, at 16 (1993)); *Cf.* 20 C.F.R. §§ 641.110, 641.120.

Consistent with this congressional intent, numerous federal courts have recognized that participation in SCSEP does not create an employment relationship between participants and SCSEP administrators. *See, e.g., Molina-Olivio v. Experience Works, Inc.,* Civil No. 09·1331 (JP), 2009 WL 1767552 at *4 (D. Puerto Rico, Juno 17, 2009) (granting summary judgment in favor of SCSEP administrator based on the lack of employer-employee relationship between participant and administrator); *Henderson v. YMCA & AARP,* 3:05-CV-3179-RM-CHE, 2006 U.S. Dist. LEXIS 24387 at *8 (C.D. Ill. 2006) (granting summary judgment on the grounds that the plaintiff participant "was not employed" by AARP as a result of participating in SCSEP); *Singleton v. City of Greenville Hous. Auth.,* No. 6:90-cv-02104-JMC, 2011 U.S. Dist. LEXIS 26123, at *4 (D.S.C. Mar. 11, 2011) (holding that SCSEP participant was not an employee of Program administrator or host agency, notwithstanding the participant's allegation that she was treated like an employee by the host agency); *Spell v. Md. Human Rels. Comm'n,* No. RDB-ll-0803, 2011 U.S. Dist. LEXIS 135973 at *16 (D. Md. Nov. 28, 2011) (holding that neither the SCSEP administrator nor the host agency was an "employer" of the participant under Title VII of the Civil Rights Act of 1964); *Worsham v. Bassett,* No. CV-15-422, 2016 Ark. 146, 2016 Ark. LEXIS 124, Unemployment Ins. Rep. (CCH) P8613 at *5 (Ark. 2016) (holding that SCSEP is a qualified federal work training program, not employment, and is therefore exempt from state statutory "employment" obligations).

Thus, because AARP was not plaintiff's employer, plaintiff's claims against AARP are subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this   28th   day of February, 2020.

\s\   Jean. C. Hamilton
JEAN C. HAMILTON
UNITED STATES MAGISTRATE JUDGE